PER CURIAM.
We affirm the trial judge’s award of temporary alimony and other relief. However, we do not rule on the wife’s assertion that the trial court erred in failing to enforce the husband’s stipulation to reimburse her for approximately $90,000 of expenses. The wife provided the court with a list of these expenses at the beginning of the hearing below. Included as a line item was $20,000 of spending money for the period January 1991 to June 1991, four months of which ended up being covered by the temporary alimony order. At the hearing, the husband expressly disputed his wife’s entitlement to this $20,000. During cross examination, the wife admitted that she did not know if she had already spent the $20,000. In fact, it appears from her description that this $20,000 was really an advance. Near the end of the hearing when the wife’s attorney was requesting an award of the reimbursable expenses, the transcript reflects the husband’s comment “I’ll take care of them.” Given the above, it is unclear whether the husband was agreeing to pay the full $90,000, especially when it is apparent that at least some of it was “future spending money” which would now be covered by the temporary support award.[1] The trial court cut off further discussion and simply deferred ruling on any reimbursement. Therefore, without a ruling no appealable issue is raised. This of course is without prejudice to the wife’s right to request further proceedings on this issue in the trial court.
STONE and WARNER, JJ., concur.
FARMER, J., concurs in part, dissents in part with opinion.

. Thus we disagree with the dissent that there was a clear and unambiguous substantive stipulation entered in open court.